IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

In re:

**CHANEE T. COLEMAN,**
Debtor and Real Party in Interest.

---

Case No. **26 - 34474 - H 3 - 7**
Chapter 7

---

## VOLUNTARY PETITION FOR INDIVIDUALS FILING FOR BANKRUPTCY
(Official Form 101 — Adapted)

### WITH INCORPORATED NOTICES, MOTIONS, DECLARATIONS, AND DEMANDS FOR RELIEF

---

## PART 1: IDENTIFICATION OF DEBTOR

**Full Legal Name of Debtor:** CHANEE TENNILLE COLEMAN (also known as Chanee T. Coleman)

All Other Names Used in the Last 8 Years: None known.

Social Security Number (last 4 digits): xxx-xx-4256

**Principal Place of Residence / Homestead:**

15538 Kiplands Bend Drive, Houston, Harris County, Texas 77014-1535

County of Residence: Harris County, Texas

Mailing Address (if different from above): Same as above.

Telephone: (832) 675-2663

Email: chanee.coleman@gmail.com

**Type of Debtor: Individual**

**Chapter Under Which the Petition is Filed: Chapter 7**

Nature of Debts: Consumer / Residential Mortgage / Federal Obligations

---

## PART 2: SCHEDULE OF CREDITORS AND INTERESTED PARTIES

---

The following creditors, lienholders, and parties in interest are scheduled in connection with this petition:

1. **P.C.F. PROPERTIES IN TX, LLC**
   Address: c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218
   Nature of Claim: Disputed purchaser at May 5, 2026 sheriff's sale; Defendant in state and federal proceedings; claims possessory interest adverse to Debtor's homestead.

2. **P.C.F. INVESTMENTS, INC. d/b/a P.C.F. PROPERTIES IN TX, LLC**
   Address: Same registered agent as above
   Nature of Claim: Affiliated entity whose corporate existence was forfeited as of May 16, 2024; principal Anthony Halaris has purported to act on its behalf in eviction proceedings against Debtor.

3. **NAVY FEDERAL CREDIT UNION**
   Address: Attn: Legal Department / Registered Agent 820 Follin Lane SE, Vienna, VA 22180
   Nature of Claim: Creditor with potential claim(s) against Debtor; included pursuant to Debtor's obligation to schedule all known creditors.

4. **IDAHO HOUSING AND FINANCE ASSOCIATION (HomeLoanServ)**
   Address: c/o Bonial & Associates, P.C. 14841 Dallas Parkway, Suite 350, Dallas, TX 75254
   Nature of Claim: Mortgage servicer for Loan No. 4850104102; FHA-insured loan secured by the Subject Property; principal balance $131,416.82 as of June 19, 2026; subject to HUD Partial Claim lien.

5. **UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD)**
   Address: Secretary of Housing and Urban Development, 451 7th Street S.W., Washington, D.C. 20410
   Nature of Claim: Holder of FHA Mortgage Insurance interests and Partial Claim lien under Loan No. 4850104102; federal interest not disclaimed; party in pending federal quiet title action.

6. **U.S. SMALL BUSINESS ADMINISTRATION**
   Address: 409 3rd Street S.W., Washington, D.C. 20416
   Nature of Claim: Potential creditor with federal interest(s) in Debtor's estate; scheduled pursuant to Debtor's comprehensive disclosure obligations.

7. **INTERNAL REVENUE SERVICE**
   Address: Department of the Treasury, IRS, Ogden, UT 84201
   Nature of Claim: Federal taxing authority with 120-day statutory right of redemption under 26 U.S.C. § 7425(d) following the May 5, 2026 sheriff's sale; taxable events arising from foreclosure proceedings have been reported by recent tax return filings.

8. **ET AL. — ALL PERSONS OR ENTITIES UNKNOWN CLAIMING ANY RIGHT, TITLE, OR INTEREST**
   Address: Address Unknown
   Nature of Claim: All other persons or entities unknown who may assert any right, title, lien, claim, or interest in or to the Subject Property located at 15538 Kiplands Bend Drive, Houston, Harris County, Texas 77014-1535.

## PART 3: PROPERTY OF THE ESTATE — SUBJECT PROPERTY

The following real property constitutes property of the estate and is subject to the automatic stay under 11 U.S.C. § 362 upon filing of this petition:

**Subject Property (Homestead):**

15538 Kiplands Bend Drive, Houston, Harris County, Texas 77014-1535

Legal Description: Lot 45, Block 2, Bammel Village Section 2, Replat No. 1, Harris County, Texas, according to the map or plat thereof recorded under Film Code No. 587230 of the Map Records of Harris County, Texas.

**Encumbrances and Liens Asserted Against Subject Property:**

 (a) FHA-insured mortgage, Loan No. 4850104102, original principal balance $131,416.82, interest rate 3.125%, maturity date June 1, 2052, serviced by Idaho Housing and Finance Association (HomeLoanServ).

 (b) HUD Partial Claim lien — amount and current status subject to accounting ordered herein.

 (c) IRS 120-day statutory right of redemption under 26 U.S.C. § 7425(d) following the May 5, 2026 sheriff's sale, which redemption period has not expired.

 (d) Any and all claims of P.C.F. Properties in TX, LLC arising from or related to the May 5, 2026 sheriff's sale, the validity of which is disputed.

Debtor asserts her homestead exemption under Article XVI, Section 50 of the Texas Constitution and applicable federal exemptions.

## PART 4: NOTICE OF AUTOMATIC STAY AND EMERGENCY RELIEF

1. Upon the filing of this voluntary Chapter 7 petition, the automatic stay of 11 U.S.C. § 362(a) immediately operates to stay, among other things:

 (a) Any act to obtain possession of property of the estate or to exercise control over property of the estate, including enforcement of any Writ of Possession issued by the Harris County Justice of the Peace Court, Precinct 4, Place 1, Case No. 264100217178, concerning the Subject Property;

 (b) Any act to create, perfect, or enforce any lien against property of the estate;

 (c) Any act to collect, assess, or recover a claim against Debtor that arose before the commencement of this case;

(d) The commencement or continuation of any action or proceeding against Debtor, including but not limited to the eviction proceeding in Harris County Justice of the Peace Court, Precinct 4, Place 1.

2. NOTICE IS HEREBY GIVEN to all parties, including but not limited to:

(a) The Harris County Constable, Precinct 4, and all deputies, officers, and agents thereof;

(b) The Harris County Sheriff's Office and all deputies and officers thereof;

(c) Judge Lincoln Goodwin, Harris County Justice of the Peace, Precinct 4, Place 1;

(d) P.C.F. Properties in TX, LLC, P.C.F. Investments, Inc., Anthony Halaris, and Rachanee Halaris;

(e) All other persons and entities acting in concert with any of the foregoing;

— that any attempt to execute or enforce a Writ of Possession against the Subject Property following the filing of this petition is a willful violation of the automatic stay and subjects the offending party to sanctions, damages, and other relief available under 11 U.S.C. § 362(k).

---

## PART 5: NOTICE OF MOTION — DEMAND FOR FULL ACCOUNTING AND MOTION FOR TEMPORARY RESTRAINING ORDER TO RESTRAIN AND ENJOIN WRIT OF POSSESSION ISSUED BY HARRIS COUNTY JP COURT (EMERGENCY RELIEF REQUESTED)

---

## I. INTRODUCTION AND EMERGENCY NATURE OF RELIEF SOUGHT

1. This Motion presents matters of the highest urgency. Debtor respectfully moves this Court, pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 7065, for entry of an Order confirming and enforcing the automatic stay and, to the extent necessary, for a temporary restraining order immediately restraining and enjoining enforcement of any Writ of Possession issued by the Harris County Justice of the Peace Court, Precinct 4, Place 1, in connection with the Subject Property located at 15538 Kiplands Bend Drive, Houston, Harris County, Texas 77014-1535.

2. Federal tax returns have been recently filed with the Internal Revenue Service to cure all outstanding tax deficiencies associated with the Subject Property and the transactions arising therefrom — including all taxable events generated by the foreclosure proceedings, the May 5, 2026 sheriff's sale, and all related conveyances. The curing of federal tax deficiencies by the filing of tax returns directly and materially implicates the jurisdiction and authority of this Court over the Subject Property, and divests state court actors — including but not limited to Justice of the Peace Judge Lincoln Goodwin, the Harris County Sheriff, and any Constable executing a writ of possession — of any authority to act with respect to the Subject Property until this Court has adjudicated the federal interests at stake.

3.  The Subject Property is encumbered by asserted federal interests including: (a) the interest of the United States through the Secretary of Housing and Urban Development by virtue of FHA Mortgage Insurance and a Partial Claim lien under Loan No. 4850104102; (b) the Internal Revenue Service's statutory 120-day right of redemption following the May 5, 2026 sheriff's sale pursuant to 26 U.S.C. § 7425(d); and (c) the recently filed federal tax returns curing deficiencies that constitute taxable events arising from or related to the foreclosure and sheriff's sale. No writ of possession may lawfully issue or be enforced while these federal interests remain unresolved.

4.  Neither Judge Lincoln Goodwin, the Harris County Sheriff, nor any Harris County Constable has been nominated by the President of the United States, confirmed by the United States Senate, or otherwise delegated authority pursuant to Article II, Section 2, Clause 2 of the United States Constitution to hear, adjudicate, or enforce matters arising under the Internal Revenue Code, Title 26 of the United States Code, or any other federal tax law. Their purported exercise of jurisdiction over matters in which federal tax deficiency cures, federal tax liens, and IRS redemption rights are at stake is ultra vires and void ab initio.

## II. JURISDICTION

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1408.

6.  The filing of this petition and the operation of the automatic stay under 11 U.S.C. § 362(a) invest this Court with exclusive jurisdiction over the Subject Property, all claims to possession thereof, and all proceedings affecting property of the estate.

## III. FEDERAL TAX DEFICIENCIES HAVE BEEN CURED

7.  Federal tax returns have been recently filed with the Internal Revenue Service to assess and report all taxable events arising from or related to the Subject Property, including the May 5, 2026 sheriff's sale, the associated transfer of interests, any discharge of indebtedness, any gain recognized, and any related taxable transactions. These filings cure any previously outstanding federal tax deficiencies.

8.  The filing of federal tax returns curing deficiencies has the following direct legal consequences: (a) the IRS has jurisdiction over the Subject Property by virtue of its 120-day statutory right of redemption under 26 U.S.C. § 7425(d); (b) federal tax liens and the IRS's interests are matters exclusively within the jurisdiction of federal courts; (c) the curing of federal tax deficiencies constitutes an affirmative invocation of the IRS's jurisdiction and authority with respect to the

Subject Property; and (d) no state court has been granted authority to adjudicate, impair, or override the IRS's rights, interests, or redemption periods.

## IV. RELIEF REQUESTED

9. Debtor respectfully requests this Court enter an Order:

    (a) Confirming the automatic stay under 11 U.S.C. § 362(a) and directing all parties to comply therewith immediately;

    (b) Issuing a temporary restraining order, pursuant to Federal Rule of Bankruptcy Procedure 7065, immediately restraining and enjoining the Harris County Constable, Precinct 4, the Harris County Sheriff's Office, any deputy, officer, or agent acting under authority of the Harris County Justice Court, Precinct 4, Place 1, and all persons acting in concert therewith, from executing, enforcing, or giving effect to any Writ of Possession arising from Case No. 264100217178 or any related state court proceeding;

    (c) Directing that P.C.F. Properties in TX, LLC, P.C.F. Investments, Inc., Anthony Halaris, and Rachanee Halaris, and all persons acting in concert with them, refrain from taking any action to dispossess, remove, or exclude Debtor from the Subject Property pending this Court's further order;

    (d) Directing all parties from transferring, conveying, encumbering, or otherwise dealing with the Subject Property pending this Court's resolution of all proceedings;

    (e) Directing all parties from taking any action that would impair the Internal Revenue Service's 120-day statutory right of redemption under 26 U.S.C. § 7425(d) with respect to the May 5, 2026 sheriff's sale.

---

## PART 6: DEMAND FOR FULL ACCOUNTING AND DISCLOSURE OF FINANCIAL RECORDS

1. Debtor incorporates all preceding sections and demands, pursuant to the equitable jurisdiction of this Court, Federal Rule of Bankruptcy Procedure 2004, and the inherent powers of this Court, a full and verified accounting of all financial records pertaining to the Subject Property and all related proceedings, including:

    (a) A complete verified accounting of all financial transactions under Loan No. 4850104102, including a full explanation of the March 19, 2024 payoff transaction and the loan's subsequent reinstatement at the same principal balance of $131,416.82, which raises material questions about the validity of any subsequent foreclosure and the nature of HUD's Partial Claim lien;

    (b) All records pertaining to the status, nature, and disposition of HUD's Partial Claim lien as of the date of the May 5, 2026 sheriff's sale, and documentation of how that lien was addressed, satisfied, released, or otherwise resolved — or confirmation that it was not resolved;

(c) All records reflecting the consideration paid by P.C.F. Properties in TX, LLC at the May 5, 2026 sheriff's sale, the application of sale proceeds, and the identity of all parties to whom proceeds were disbursed;

(d) All records of compliance with HUD loss mitigation requirements under 24 C.F.R. §§ 203.500–203.606 prior to foreclosure, including any HUD approval of or concurrence in the foreclosure;

(e) All records pertaining to the forfeited corporate existence of P.C.F. Investments, Inc. as of May 16, 2024, and the legal authority, if any, of Anthony Halaris to act on behalf of any P.C.F. entity;

(f) All records reflecting the tax treatment of the transactions associated with the Subject Property and the May 5, 2026 sheriff's sale, including any 1099-A, 1099-C, or other information returns issued or required to be issued;

(g) The complete payment history for Loan No. 4850104102 from origination through the date of the foreclosure sale, including all payment applications, escrow disbursements, fee assessments, and suspense account entries;

(h) All records related to compliance with RESPA, 12 U.S.C. § 2605, including any mortgage servicing transfer notices.

2. Debtor requests this Court order Idaho Housing and Finance Association (HomeLoanServ), P.C.F. Properties in TX, LLC, P.C.F. Investments, Inc., and the United States of America acting through the Secretary of Housing and Urban Development, to produce and provide a full and verified accounting of all financial records described herein within thirty (30) days of this Court's order.

## PART 7: NOTICE OF DECLARATION OF REPENTANCE OF SINS FOR CAUSE AND NOTICE OF RESCISSION OF SIGNATURES, ACTS, AND DEEDS

### I. DECLARATION OF REPENTANCE AND RESCISSION

I, Chanee Tennille Coleman, being of sound mind and lawful capacity, hereby declare and affirm the following:

1. I repent and renounce any prior voluntary consent, submission, signature, statement, act, or filing that purported to confer jurisdiction upon any municipal, magistrate, justice of the peace, or other state court regarding matters relating to the Subject Property described in this petition, including but not limited to any appearance or submission in the Harris County Justice of the Peace Court, Precinct 4, Place 1, Case No. 264100217178.

2. I rescind, revoke, and terminate all such prior appearances, signatures, statements, acts, deeds, or filings, whether executed orally, in writing, electronically, or otherwise, that may have been

construed as a waiver of objection to jurisdiction or as conferring authority upon any state tribunal over matters in which federal interests, federal tax liens, and federal redemption rights are at stake.

3. I declare non-consent to any and all jurisdictional authority of justice of the peace courts, municipal courts, or magistrate courts over my person, my property, or any disputes relating to said property, to the extent that such proceedings purport to adjudicate matters committed to the exclusive jurisdiction of federal courts, including title disputes in which the United States claims an interest.

4. This Notice is made for cause, conscience, and equity, invoking all applicable rules, principles, and maxims of fair dealing, and is intended to formally withdraw any prior voluntary submissions that could otherwise be construed as consenting to jurisdiction over federal matters.

5. I affirm that no prior act, signature, statement, filing, or deed shall be interpreted to constitute valid consent to jurisdiction over federal interests, and I fully restore all rights reserved, including the right to challenge any void judgment or writ entered without proper jurisdiction over matters of federal law.

6. I repent of any prior act, agreement, signature, or instrument by which I entered into any obligation as surety, guarantor, or obligor for any debt under conditions that were unconscionable, entered into without full and transparent disclosure, lacking a true meeting of the minds, or otherwise contrary to principles of equity and good conscience. I rescind, revoke, cancel, and declare void ab initio, on equitable grounds including lack of full disclosure, absence of a true meeting of the minds, unconscionability, misrepresentation or constructive fraud, want or failure of consideration, and violation of good faith and fair dealing, any and all prior agreements, signatures, and instruments to the extent they purport to bind me to unconscionable obligations.

## II. EQUITABLE GROUNDS FOR RESCISSION

This rescission is asserted upon the following equitable grounds:
   (a) Lack of full and transparent disclosure at the time of contracting;
   (b) Absence of a true meeting of the minds with respect to the nature and extent of federal regulatory obligations and interests;
   (c) Unconscionability of terms and conditions not adequately disclosed;
   (d) Misrepresentation or constructive fraud in the origination and servicing of the underlying obligations;
   (e) Want or failure of consideration with respect to obligations purportedly arising from the Subject Property;
   (f) Violation of good faith and fair dealing, including failure to comply with applicable HUD loss mitigation requirements.

### III. NOTICE

Let it be known and recorded that all previously executed or submitted documents, statements, acts, or deeds purporting to establish consent to jurisdiction over federal matters, or purporting to bind Debtor to unconscionable obligations, are hereby nullified and rendered without effect, and that Debtor expressly refuses to consent to any non-existent jurisdiction without proper statutory or constitutional authority.

DEMAND: All parties are hereby given Notice and Demand to: (1) cease all enforcement or collection actions; (2) discharge and release any lien or encumbrance not founded upon a valid and lawful obligation; (3) provide written confirmation of compliance within thirty (30) days; and (4) correct all records accordingly.

**RESERVATION OF RIGHTS: All rights and remedies are expressly reserved, without waiver, without prejudice, and without recourse.**

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL; NOTICE TO PRINCIPAL IS NOTICE TO AGENT.**

---

## PART 8: STATEMENT OF RELEVANT FACTS

1.  Debtor Chanee Tennille Coleman is the owner and real party in interest of the Subject Property, which constitutes her homestead. The Subject Property is associated with a federally insured mortgage — Loan No. 4850104102, serviced by HomeLoanServ (Idaho Housing and Finance Association) — subject to FHA Mortgage Insurance through the Federal Housing Administration, a division of the United States Department of Housing and Urban Development (HUD). The loan activity history reflects continuous monthly FHA Mortgage Insurance Premium charges from June 2018 through June 2026, demonstrating the continuous federal nexus of this mortgage.

2.  On April 6, 2026, Debtor timely tendered emergency pleadings to the Harris County District Court Clerk seeking injunctive relief to halt the scheduled May 5, 2026 sheriff's sale. Those filings were not processed or presented for judicial consideration in time, and no TRO was issued before the sale proceeded.

3.  On April 6, 2026, Debtor personally delivered to the Harris County Sheriff's Office a written Notice of Federal Interest, Pending Title Dispute, and Demand to Refrain from Sheriff's Sale Scheduled May 5, 2026. Despite receiving actual written notice of all asserted federal interests and pending litigation, Sheriff Ed Gonzalez proceeded with the sheriff's sale of the Subject Property on or about May 5, 2026, in disregard of federal law and Debtor's constitutional rights.

4. On or about May 9, 2026, Debtor received a Formal Notice to Vacate from Anthony Halaris, Director of P.C.F. Investments, Inc. — a corporation whose existence had been forfeited as of May 16, 2024 — purporting to act for P.C.F. Properties in TX, LLC, demanding that Debtor vacate the Subject Property within three days.

5. P.C.F. Properties in TX, LLC then initiated eviction proceedings before Judge Lincoln Goodwin, Harris County Justice of the Peace, Precinct 4, Place 1, in Case No. 264100217178. That court is not a United States District Court or Court of Appeals; it was not authorized by Congress or the President of the United States to adjudicate federal tax or property interests; and it lacked subject-matter jurisdiction to issue any order affecting property subject to pending federal claims and active IRS redemption rights.

6. The loan activity history for Loan No. 4850104102, printed on June 19, 2026, reflects a significant payoff transaction posted on March 19, 2024, including payoff principal of $134,532.23, payoff interest of $4,072.58, and various fees — notwithstanding which the account subsequently reflected payments in May 2024 and the principal balance returned to and remained at $131,416.82. The nature and legal effect of these transactions have not been explained to Debtor and are material to determining the true payoff status and any valid outstanding balance.

7. Federal tax returns have been recently filed with the Internal Revenue Service reporting and curing all taxable events associated with the Subject Property, the May 5, 2026 sheriff's sale, and the related transactions, invoking the IRS's statutory 120-day right of redemption under 26 U.S.C. § 7425(d), the redemption period of which has not expired.

---

## PART 9: CLAIMED EXEMPTIONS

---

Debtor claims the following exemptions under applicable law:

1. Homestead Exemption — Article XVI, Section 50, Texas Constitution; Texas Property Code §§ 41.001–41.002; subject to applicable federal exemptions.
2. Personal property exemptions — Texas Property Code §§ 42.001–42.002.
3. All other exemptions available under applicable state and federal law.

---

## PART 10: PRAYER FOR RELIEF

---

WHEREFORE, PREMISES CONSIDERED, Debtor Chanee Tennille Coleman respectfully prays that this Court grant the following relief:

(A) Confirm and enforce the automatic stay under 11 U.S.C. § 362(a) as to all proceedings, acts, and enforcement actions concerning the Subject Property;

(B) Issue a Temporary Restraining Order and/or Preliminary Injunction pursuant to Federal Rule of Bankruptcy Procedure 7065, immediately restraining and enjoining enforcement of any Writ of Possession issued in Case No. 264100217178 or any related state court proceeding concerning the Subject Property;

(C) Order a full and verified accounting from Idaho Housing and Finance Association (HomeLoanServ), P.C.F. Properties in TX, LLC, P.C.F. Investments, Inc., and the United States acting through the Secretary of HUD, of all financial records described in Part 6 of this petition within thirty (30) days;

(D) Issue declaratory relief confirming: (1) the IRS's 120-day right of redemption under 26 U.S.C. § 7425(d) has not been waived or extinguished; (2) HUD has not disclaimed its interest in the Subject Property; (3) the Subject Property may not be conveyed free of HUD's interest until proper proceedings under 28 U.S.C. § 2410 are completed;

(E) Take notice of Debtor's Declaration of Repentance and Rescission as set forth in Part 7 of this petition and enter an Order recognizing said declaration as part of the record in this proceeding;

(F) Discharge Debtor from all dischargeable debts pursuant to 11 U.S.C. § 727 upon completion of the Chapter 7 process;

(G) Grant such other and further relief, at law or in equity, to which Debtor may be justly entitled.

## PART 11: DECLARATION AND VERIFICATION

I, Chanee Tennille Coleman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information provided in this voluntary petition is true and correct to the best of my knowledge, information, and belief.

I further declare that the foregoing factual allegations contained in all incorporated motions, notices, and demands are true and correct to the best of my personal knowledge, information, and belief.

Respectfully tendered this 25ᵗʰ day of June, 2026.

**Chanee Tennille Coleman**
Debtor and Real Party in Interest
15538 Kiplands Bend Drive
Houston, Texas 77014-1535

Telephone: (832) 675-2663
Email: chanee.coleman@gmail.com
All Rights Reserved — Without Prejudice — Without Recourse